JOE DUNLAP Good morning, your honors. My name is Jason Jones. I'm representing appellant Art DeKalb from an appeal from the PTAB involving two related patents. In this case, your honor, Art DeKalb... DEKALB Can you speak up just a little? JONES I'm sorry. Sorry, your honors. I just found myself under the weather. DEKALB Welcome to the club. JONES Not 100% this morning, your honors. My apologies. DEKALB All right. Do your best. JONES We feel there are a number of legal errors in this case that demand reversal, or at least remand. The first legal error is when the board concluded that the reference to Boyd was the work of another. And the board made several important legal errors as part of that determination. First, if you look at appendix page 24, page 24 of the board's order. The board casts the question of whether Boyd is the work of another as one of inventorship. This was a legal error. There's no presumption that the specification of a patent, discussion of background art, discussion of various features, there's no presumption that an inventor of a reference invented what is disclosed in the specification. The presumption applies to what is claimed, but not to the remainder of the specification. They disclose many different elements, features of the part and so forth that are not being claimed. That was a first legal error committed by the board here. DEKALB So you're saying the board, there was no need for the board to do any of the inquiry that followed on in terms of looking as to whether or not there was due diligence, et cetera, because they just should have said, no, this doesn't matter? This is not prior art? I'm trying to understand your question, Your Honor. Diligence is about the other Boyd issue. This is about showing that Boyd is not proper prior art under 102E because it's not the work of another. I agree that they should look at the Boyd disclosure and the Boyd claims. But the relevant portions relied upon by the petitioner below were from the specification, not from the Boyd claims. So we're talking fundamentally about disclosure in a specification and the fact that Mr. Boyd is listed as an inventor does not create a presumption that he is the inventor of those portions of the specification that are relied upon. I think that's an important distinction here. And in fact, Your Honors, the petitioner GEP, they raise a lot of fuss about how the Arctic is starting to claim or grab Boyd's invention and creates this parade of horribles. We're going after their patent, so on and so forth. That's just not based in fact. If you look at Boyd's claims, which again are not relied upon by the petitioner for this purpose, there are different features that don't appear in the Janish patent. The two that come to mind are a particular shape of the receptacles. They have a cross shape. Janish isn't claiming that's this. They also have, Boyd also claims a particular mounting means, which is a tab feature. Janish is not claiming that's his. So there are meaningful distinctions between what is claimed. So do I understand your position to be this, that once GEP raises the issue, says the stuff in Boyd that we are relying on, or maybe Arcticat raises the issue, that once the stuff that GEP is relying on in Boyd for elements of the claims at issue here and raises the issue that Boyd didn't actually play any role in those elements, so not even a co-inventor of those elements, of the at issue claims in the patents here, not in Boyd's patent, that at that point, who has the burden of persuasion to establish that proposition or its opposite? Either that Boyd had nothing to do with that or that Boyd did it? That's a great question, Your Honor. I think there are two parts to my answer. The first is, if you look at the Matthews and DuBois cases, cases on point, Janish has to show, Arcticat has to show that the relevant portions are his work and not the work of another. But that inquiry does not require an affirmative disclaimer from the inventor or owner of those. No, that's an evidentiary point. I thought you were making a burden of persuasion. I do. I do as well. I'm sorry, could you repeat your question, Your Honor? Why does your... No, no. Go ahead. Why does this argument matter? I mean, I thought that the Board said that the work of another would be relevant only in the absence of other evidence. If I follow you, Your Honor, this is, why is, why is, is removing Boyd relevant? No, your argument as to the work of another, why is that relevant? I don't think, the Board said that would be relevant if there was an absence of other evidence. But there's, there's other evidence that, that was considered. I'm not sure I follow you, Your Honor. Okay. Boyd has relied on four of the six grounds across these two petitions. It's a critical reference here. Not quite for all of them. For four, for four of the six. Claims five through ten of the 822, Boyd's not mentioned, I think. Correct. Okay. And this also relates to Rule 132 practice. Does any of our 102E precedent, or a lot of it is actually CCPA precedent, talk about who has the burden to establish that in a reference patent being invoked under 102E, even if it's just the specification part of it, which it usually is, was really something that a named inventor had nothing to do with, was not a co-inventor of what is described in that specification passage in the reference patent. That sure seems like something the challenger saying would have to establish. Do we have precedent on that? Well, the DeBong-Matthews cases don't require an affirmative disclaimer from the, from the If that goes to your question, Your Honor. If we thought that the full deposition of, was it Mr. Janish, is that it is, was improperly excluded, does that warrant a remand for all of the Boyd-related claims? How do we know that there's material in there or in, I guess, a bunch of the email traffic that you rely on, I think, that reasonably might change the board's factual finding, either about diligence or about whether Boyd, whether the relevant portions of Boyd were all Janish? It would go more to the intudation of Boyd, the relevance, I think that's where it is most relevant. I do think it would warrant a remand. Janish and his declaration conveys a sense of urgency throughout the critical period when prototyping and testing and developing the PDM. So do the more than two dozen exhibits that document that period, mostly emails. The Janish transcript provides additional context about the urgency with which that development was occurring. It was always very urgent. And also, it contains some very helpful testimony about how Mr. Janish felt when he learned that his invention appeared in the Boyd patent and why they didn't go after Tyco. And as he explains in the transcript, they were relying on Tyco to manufacture this component, which was essential for a number of their products that were under tremendous time constraints. So they couldn't pick a fight with their vendor, and also they didn't want to spend the money on litigation. Can I ask you, I'm not sure, there's so many things going on in this case, but you waited to try to introduce the entire deposition, the patent owner, waited like three months after the petitioner's reply was filed, right? That's right. Is there a reason that you waited, and is there a reason that the Board would have been justified? You know, they're under strict time limits, and they want to move forward. I mean, if you had come in six months later and just said, hey, by the way, we need the entire thing. I mean, is there some problem for you in terms of the time that lapsed for you to come forward? You know, Your Honor, I wish we had filed it sooner. I had never come across that circumstance, and I think as soon as we determined- Well, that's a lot of time given that we've got a one, you know, they're under a gun here. Three months is not a small amount of time. I think it was three months. I may be wrong about that. That sounds right, Your Honor. Okay. Yes. It would have been preferable to submit it sooner, but the rules required that the testimony be submitted once we determined- Well, but isn't there some amount of time that you would forfeit or waive your challenge because you waited so long to call that problem to the board's attention? There has to be some time on the ground. It is within, I think, within the board's discretion. They generally exercise that discretion to allow evidence into the record or keep it into the record. I think in this case, the Janus transcript is not just typical evidence. I think it's highly relevant evidence, and it goes to some of the board's criticisms. And given the public policy of presenting and having available to the board a full record, we believe they should have kept the transcript as part of the record. So what did the board say here, remind me? They expunged- You didn't file a motion. You just filed- Correct. Okay. And that was sometime between the filing of the reply and the oral hearing, it was called. How much before the oral hearing? How much time, I think we were talking about three months after the reply, was the oral hearing, how long past the filing of the transcript did the oral hearing occur? I don't recall specifically offhand. But the board denied it on the first day. I'm just looking for where in the transcript the board's denial was. I know it was very concise. It's right at the back of the one-page orders in each case. Okay, got it. Okay, so what they say is you haven't explained why the additional portions could not have been filed earlier. Is there an explanation? Do you think the board was wrong to hold you to that test? Or is there an explanation? I certainly would understand their irritation, Your Honor, but as soon as we realized that the entire transcript was not filed, we took remedial action. And if you look at the applicable rule, our interpretation is that the testimony must, should be filed. But presumably that's because you were going to rely on it when at the oral hearing? Yes. And when you say as soon as we realized, would you have had notice of the filing of the transcript? Yes. You did have notice of the filing of mere excerpts because presumably that was with  Yes, Your Honor. Okay. So did you know that they didn't file it, or was the assumption that it must be there and then you went to look at it to use some of that and you realized? That was part of my assumption, Your Honor. I've never seen a transcript not fully filed in any PTAB proceeding that I've been involved in. And so... Is there a general requirement before the board that anything that's filed is also served on you? Yes. If it's an exhibit to a filing, it is served on opposing counsel. Yes. Can you go to the issue of the preambles as non-limiting? Yes, Your Honor. Our position here is that the board committed an error of law regarding the preambles. And given the limited time, the one that sticks out the most is claim one of the 822 patent. That claim recites a personal recreational vehicle comprising. That's not a statement of intended use, for use and for use by. It says a personal recreational vehicle. In the remainder of the claim, it never does go back and refer or utilize the vehicle language. It doesn't say that this is where this unit attaches to, attaches to the left wall of the vehicle. So it never does go back and rely on the vehicle limitation at all. My understanding is that that's correct, Your Honor, not expressly. But if you look at the specification, all of the embodiments reference a personal recreational vehicle. And throughout the specification, it discusses the particular characteristics and needs for the PDM, for the power distribution module. For example, it has to fit in a tight space. It has to be resistant to dust, dirt, water, and so forth. And it needs to be... Why wouldn't that apply to any vehicle? Like a boat or a washing machine? Well, in an ATV, it has an open chassis and it's low to the ground. It's not, for example, in the engine compartment of a car, which is at least sealed from the sides and the top. It's an open compartment exposed to the elements. And these are off-road vehicles. And as the inventor testified, and as the other death warrants testified, they couldn't find... There's nothing in there that says a claim for, let's say, a special O-ring or a special seal or gasket in order to prevent moisture from coming in. It's just... There are claims that go to the waterproof nature. Yeah, it does say waterproof. I take that. It is an electrical component. Correct. But I just don't see anything else in the claims that call upon, in order to have support, calls upon the preamble of the claim. It's a matter of the words of the claim, Your Honor. That is correct. But the problem they were addressing, and there's a Federal Circuit case law on this point, it was addressing the fundamental problem of developing a PDM for recreational vehicles. And throughout the specification, that is the context of the use and the embodiments of the distribution module. Okay. We'll restore some rebuttal. Why don't we hear from the other side? Thank you. Good morning. Good morning. Excuse me. Michael Griggs on behalf of the Petitioner Appellee GEP. I'd first like to address the deposition transcript issue that was just discussed. What ARCTICAT really should have done, had it wanted to submit those exhibits, is seek leave from the Board via a motion to submit either all or whatever portions  Well, that assumes that it was their obligation and not yours in the first instance, right? Yes, Your Honor. And I believe in our brief, we point out in the rule, and frankly, it is a standard practice to submit excerpts. I believe even in the case that they cite, the parties in that case had submitted excerpts. So that's the general practice. And when you read the rule, there is no Are we all talking about 4253F? Yes. It makes a distinction between submitting testimony and transcripts. So our position is that it's plainly okay to submit excerpts of a deposition and that the Board has other procedures and rules by which parties can supplement those submissions. I don't understand. What is the distinction, in your view, under the rule between testimony and transcripts? I mean, they use both terms, but what's the distinction? Well, I would consider the transcript to be the entire document, the transcript document. There is testimony, and there are bits of testimony that are contained within the transcript document. So our interpretation of that is you can submit the pertinent excerpts so that you're not cluttering the record with large documents that end up being filed. But aren't we talking here just about the testimony of Dr. Janus or whatever the name is? Yes. And so what had happened was Arctic Cat, in their response, submitted a declaration of Mr. Janus. We cross-examined Mr. Janus and generated the deposition transcript. And so then the petitioner submitted those excerpts in support of our position as evidence. And then Arctic Cat, who did not have an opportunity to file another brief, much later, as the court has pointed out here, and without leave, submitted the entire transcripts without explanation. And the board subsequently expunged them, stating that Arctic Cat did not have authorization to file those exhibits. But you're not reading this rule as creating any obligation for your side to have put in the deposition transcript? No, I don't believe there was. And frankly, if we had put in the entire transcript, the board's rules also prohibit parties from raising new arguments at the oral hearing that weren't briefed out. And so just by design, by these rules, Arctic Cat, if they wanted to rely on additional portions of the transcript, would have had to have made another submission, essentially ask for a surreply, for example, in which they could call us. Okay, so you're telling us if we disagree with your reading of the rule, and we send this back to the board and say they were wrong in expunding the transcript and they should have allowed your friend to submit the transcript, you're saying it won't matter anyway because they don't get to have another bite and they couldn't raise it at oral argument because it had been relied on in the briefing? Yes. So it's essentially just submitting additional evidence in that is not argued about or commented on in any of the briefing. And the trial practice guide, the rules, strictly prohibit raising arguments, new arguments, for the first time at oral hearings. So there needs to be a mechanism by which Arctic Cat can bring this to the... Well, it's not a new argument. They were making the argument before. Presumably the argument is the same. It's a question of some basis for making that argument. Yes, and what really is another question here is this is their own witness, so they want to introduce cross-examination testimony, which presumably contained further detail of the facts and statements that are reflected in Mr. Janish's declaration. And so the question is, why weren't those included in the first instance? It sort of goes to the burden of production. They had the opportunity... What do you mean by in the first instance? In their response brief. The deposition hadn't occurred yet, had it? No, but what occurred was we took Mr. Janish's deposition and asked him questions about his declaration. Sometime after the patent owner response before your reply? Yes, and so there is additional detail that Mr. Janish offered relating to the subjects in his declaration, and my point is, if that detail is so critical as Arctic Cat is stating now, why was that not presented in the declaration in the first instance? Well, I don't know about that. I thought you were arguing that they should have then asked for a surreply. Yes, if they wanted to submit or comment on those deposition transcripts outside of the portions that were addressed by... So your position is, even if you had filed it as an exhibit, because my reading of the rule may be different than yours, but even if you had filed the testimony as an exhibit, the only way they would have gotten to rely on it would have been if they had asked for a surreply and gotten it, then could have cited it. Yes, that's correct. And I do have a citation of the trial practice guide that, I mean, it plainly states, I can read it. It says, no new evidence and arguments. A party may rely upon evidence that has been previously submitted in the proceeding and may only present arguments relied upon in the papers previously submitted. No new evidence or arguments may be presented at oral argument. And that's out of the trial practice guide, the federal register. So that's precisely my point. It's sort of, what is the end game of this transcript being in the record? Articat should have, if they wanted to comment on it, file a motion for leave to file the transcripts, file a motion for leave to file a surreply so they can explain to the board why this evidence could not have been presented earlier and why it's important to the case and why they should be allowed to present additional evidence and argument outside of the structure of the IPR. What was the board referring to when it said, perhaps Articat should have submitted this by the due date in the scheduling order for motions for observations? Can you submit evidence along with a motion for observation, I thought? Yes, so that procedure, a motion for observation is essentially a check on the context of deposition excerpts. So in this instance, the petitioner submitted deposition excerpts and if Articat had felt that that was not a fair characterization of the testimony, perhaps the witness may have corrected or further explained something with respect to that particular item of testimony. That is a mechanism by which Articat can file a motion saying, they have cited this aspect of the testimony that's not a fair representation of the testimony. Here's some additional testimony for context. And so that is a deadline in the scheduling order. Is the trial practice guide talk about that or is that in one of the actual CFR regulations? I know it's certainly in the trial practice guide and I believe it is in the CFR. It does explain motion for observations. And so that is sort of the built-in procedure by which you can supplement the record to make sure that the board has a complete picture of the testimony that's been submitted. And again, Articat did not take advantage of that. The board made a note of that. So from the board's perspective, Articat files new evidence in the form of an entire deposition transcript without authorization. Under what we were just talking about, what if you had cited a portion and the paragraph afterwards clarified the paragraph you were using? So they could have come in? Yes. So in accompanying the motion for the observation, you have a brief explanation of what the basis is and why you're doing it. Okay. I assume the scheduling order then allowed, they would have been timely to file a motion for observation after your papers were filed. Certainly. That's essentially after the record is complete and everything is briefed out. The schedule provides for the opportunity to come in on a motion for observation, like I said, to provide context or to further clarify the other party's characterization of deposition testimony. You want to respond to where your friend started, which was the discussion of 102E and the specification and the Boyd reference and so forth, his argument there. Yes. The buy another argument is essentially Articat wants to claim that Mr. Janish is responsible for a fairly substantial portion of the Boyd patent. As we mentioned in our papers, it's our position that they should be precluded from doing that as a matter of law because Mr. Janish is not a named inventor. Put aside the Matthews, put aside that issue, at least for me. Matthews is clearly a case in which the CCPA said we're going to replace one with the other for purposes of 102E. But who had the burden of showing that the relevant portions of Boyd were not actually something that Boyd contributed to? My understanding of how the burden works in this instance is that it is ultimately the petitioner's burden of persuasion to prove the unpatentability of the claims. But Boyd on its face is prior art under 102E because as the board noted, it names a different inventor, it's buy another. Then it becomes Articat's burden of production to come in with its, it can marshal its evidence and present that to try and suggest that Mr. Janish is responsible for whatever portions of the prior art patent they're claiming. And then it's ultimately the petitioner's burden to evaluate that evidence and convince the board that Boyd is prior art by a preponderance of the evidence. Did the board follow that course of action? Yes, I believe it did. Burden of production and burden of persuasion? Yes, the board didn't properly apply the burdens. And what the board ultimately concluded was it's essentially that if you tell somebody something that they already know, they didn't learn it from you. So Articat focuses a lot about the fact of here's what we disclosed to Boyd. What the board was really focusing on was well how do we know that Boyd didn't think of it first? There just was simply no evidence in the record to suggest or to demonstrate where the information in the Boyd patent originated from. But if you have a no evidence record on the crucial point, doesn't the party, that would be you, with the burden of persuasion lose? No, because Boyd is, as the board noted, is presumed to be prior art. The inventorship is presumed to be correct and Boyd is presumed to be- This is after the burden of production. So did the board say Articat hasn't even satisfied its burden of production? Or did it say, okay, it has some evidence, satisfied a burden of production. Now we evaluate the question whether Boyd actually had anything to do with the relevant portions of the Boyd spec. And you, not they, had the burden of persuasion on that question. No, I believe the board properly evaluated it and looked at the evidence that Articat came in with. And looked at the evidence that was in the record. And ultimately determined that the evidence of the record does not allow them to make a finding that Boyd did not invent some or all, was not the inventor of some or all of the disclosure in the Boyd patent. They said the evidence must show that those portions of Boyd are in fact Janice's inventions. So that would be the burden on them because they're the only one trying to show that, not you. So certainly the burden is on them, right? Is that the ultimate burden? The ultimate burden is they have to come in with evidence. Basically make a prima facie case that Boyd did not invent the portions that petitioners were buying. I mean, their guy came in and said it was his. It is. At that point, I mean, I guess the question is, is that satisfied the burden of production enough so that it goes back to you all? And you at least have to come in with Mr. Boyd or somebody else to say, no, no, no, what he said is not true, not correct. I believe what the board was saying was, you know, it's not enough to just attempt to say that we disclosed information to Mr. Boyd. Because Mr. Boyd could have done that on his own independently. And if you want to dig into the actual evidence, which we also challenge, I think the most interesting piece of evidence here in this timeline is that the earliest dated piece of evidence is a drawing by Mr. Boyd. I'll pull it up here. Which is dated in April 2nd of 2001. So all of these communications that Arcticat is relying on, communications between Tycho and Arcticat, occur after this drawing. Which is, it's appendix 1622. And so if you do want to dig into the details here of what the record was, and the board did this, they went through and they evaluated the evidence. And Arcticat not only needs to have some evidence showing that some disclosures were made to Mr. Boyd, but they need some evidence suggesting that Mr. Boyd did not already know or did not do what is disclosed in the patent prior to his communications with Mr. Janisch. And that is where Arcticat was lacking in terms of the burden of production. And when you do actually look at the documents that are in the record, this earliest document that I just mentioned, the design drawing at 1622 was created by Mr. Boyd and that's the earliest dated document. So that suggests that Mr. Boyd designed it as opposed to Arcticat communicating details of the PDM to Mr. Boyd. I see my time's up. Thank you. Your Honor, very briefly, on the issue of the transcript, we disagree with GEP's interpretation. The procedure for a motion for observation is to submit a concise statement of the relevancy of testimony already submitted. It's not a vehicle for the introduction of new evidence. There are vehicles for that. There are motions for additional or substantial information. So, I mean, I think he said quite specifically that if the observation about the petitioner's reply, use of a deposition, is that it's incomplete, you're not, you are or you are not allowed to attach to that observation the additional material from the same transcript that shows that the petitioner's excerpt is incomplete. Incomplete meaning misleading on the point of issue. On page four of our reply brief, we cite to the trial practice guide, my interpretation of that, Your Honor, is that it is not a vehicle for submitting new testimony. It is for providing, and I quote, a concise statement of the relevance of identified testimony. I'm looking at page four. Okay, I see it. So, it's not for providing statements of testimony that is not at that time in the record. As you can see in the middle of the page, there are forms for providing a concise statement. Clearly, it's for testimony that is in the record. Any other points? Yes, the Zong Shan decision, if I'm saying that right, that we discussed on page two and three of our reply, the board there found that, stated that deposition transcripts should be filed in full if they are relied upon by the parties. Your time is up. So, do you have one more compelling point you need to make? Very briefly, Your Honors, as to the 102E issue, the evidence is unchallenged that Boyd conceived of the PDM by April 1, 2002. That is unchallenged by the board. It is unchallenged. Janish? Excuse me? Yes, Janish. I'm sorry, what did I say? Boyd. It's cold medication. It is undisputed, unchallenged by the board that Janish's PDM was communicated to Tyco and that they made his PDM. There's also no evidence in the record suggesting that Boyd invented the PDM. And so we feel that the evidence is sufficient to remove Boyd as a reference because it is not the work of another. Unless you have any further questions? Thank you. Thank you. Thank both parties and the cases submitted.